RE: CABLE TELEVISION FRANCHISES
RECENTLY YOU CONTACTED THIS OFFICE WITH INQUIRIES INTO FRANCHISE LAWS FOR CABLE TELEVISION SERVICES. FIRST ASSISTANT ATTORNEY GENERAL DOUG ALLEN HAS ASKED ME TO RESPOND TO YOUR CONSTITUENT'S QUESTIONS WITH THIS INFORMAL LETTER.
ENCLOSED IS A COPY OF A.G. OPIN. NO. 78-185. THIS OPINION HOLDS THAT, WHILE THERE ARE NO CONSTITUTIONAL OR STATE STATUTORY PROVISIONS WHICH WOULD PROHIBIT, REGULATE OR RESTRICT THE OPERATION OF A CABLE TELEVISION SYSTEM WITHIN A MUNICIPALITY, A MUNICIPALITY MAY REQUIRE A CABLE TELEVISION SYSTEM TO OBTAIN A FRANCHISE OR PERMIT AND MAKE FRANCHISE PAYMENTS OR OTHER REMUNERATION IF THE SYSTEM OCCUPIES PUBLIC STREETS AND OTHER PUBLIC WAYS. A.G. OPIN. NO. 78-185. THE OPINION ANALOGIZE CABLE TELEVISION OPERATIONS TO UTILITY COMPANIES; STATING THAT CABLE TELEVISION OPERATIONS SHOULD BE SUBJECT TO THE SAME REGULATIONS AS UTILITY COMPANIES WHEN THE REASONS FOR SUCH REGULATIONS ALSO APPLY TO CABLE TELEVISION SYSTEMS.
I HAVE ALSO ENCLOSED THE FOLLOWING MATERIALS WHICH SUPPORT A.G. OPIN. NO. 78-185:
 "1) OKLAHOMA GAS AND ELECTRIC COMPANY V. TOTAL ENERGY. INC., 449 P.2D 917 (1972), AN OKLAHOMA SUPREME COURT CASE ADDRESSING THE FRANCHISING REQUIREMENTS FOR UTILITY COMPANIES;
 2) VIDEO INTERN. PRODUCTIONS. INC. V. WARNERAMEX CABLE COMM., 858 F.2D 1075, 1081 (5TH CIR. 1988), A FIFTH CIRCUIT CASE WHICH DIRECTLY ADDRESSES THE FRANCHISING REQUIREMENTS FOR CABLE TELEVISION SYSTEMS;
 3) ARTICLE XVIII, SECTION 5 OF THE OKLAHOMA CONSTITUTION; AND
 4) TITLE 11 O.S. 22-107.1 (1991), A STATE STATUTE WHICH EMPOWERS, BUT DOES NOT COMPEL, A MUNICIPALITY TO ESTABLISH LICENSING REQUIREMENTS FOR CABLE TELEVISION SYSTEMS.
(JULIE A. KRAMER)